IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT WRIGHT and CAROLYN            )
WRIGHT,                               )
                                      )
               Plaintiffs  )
                                      )
vs.                                   )     No. CIV-08-1378-C
                                      )
ENCORE ORTHOPEDICS, INC., a           )
foreign corporation,                  )
                                      )
               Defendant.  )

## MEMORANDUM OPINION AND ORDER

Defendant filed a Motion to Strike seeking to prevent certain witnesses from testifying on behalf of Plaintiffs. According to Defendant, Dr. Robert Stevens, Dr. Paul Miller, R. Craig Jerner, Ph.D., P.E., Lon Huff, and an undisclosed engineering expert have been identified by Plaintiffs as expert witnesses in this case, but Plaintiffs have failed to provide the report required by Fed. R. Civ. P. 26(a)(2) for any of the witnesses. Defendant further notes that the deadline set in the Scheduling Order has passed and Plaintiffs have not provided the required information. In response, Plaintiffs argue that they intend to call only Mr. Wright's treating physicians and that those doctors are not experts as defined by Rule 26. Therefore, Plaintiffs argue, no report is required of these doctors. As for the other witnesses, Plaintiffs argue that they have not yet been retained and that the required reports will be provided when the experts are retained.[*]

Plaintiffs are correct in their assertion that treating physicians are not experts and no expert report is required prior to their testimony. However, there are limits on the extent of testimony

---

[*] The Court notes that since the filing of Defendant's motion, Plaintiffs have provided a copy of Dr. Miller's expert report and sought leave of Court for additional time to produce that report. This issue will be addressed herein.

that a "treating physician" can offer. "A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party." Davoll v. Webb, 194 F.3d 1116, 1138 (10th Cir. 1999). However, a "treating physician" "'may not provide testimony beyond the scope of [his] treatment of plaintiff . . . .'" Parker v. Cent. Kan. Med. Ctr., 57 F.App'x 401, 404, (10th Cir. 2003) (citation omitted). Opinions as to causation and/or the propriety of other physicians' actions relating to Mr. Wright's injuries or treatment is beyond the scope of permissible treating physician testimony. Id. In an apparent attempt to broaden the scope of the witnesses' permissible testimony, Plaintiffs argue that the medical records previously provided are sufficient to take the place of an expert report. This argument is without merit. The required contents of an expert report are set forth in Rule 26 and are considerably more in-depth than the information contained in a medical record. Therefore, although Dr. Robert C. Steves and Dr. Paul R. Miller will be permitted to testify, the scope of that testimony will be limited as set forth herein.

Plaintiffs have recently filed a motion for extension of time to provide expert reports and file their final witness and exhibit lists, and that motion will be denied in part. The deadlines set forth in the Scheduling Order are clear and precise and were reached with the agreement of the parties and the Court. If Plaintiffs needed additional time to meet those deadlines, the time to seek that additional time was before the deadline passed. However, as for Plaintiffs' final witness and exhibit lists, the Court finds the delay in ruling on Plaintiffs' request may have contributed to the failure to timely file. Therefore, Plaintiffs are directed to file their final witness and exhibit list within five days of the date of this Order. To the extent Plaintiffs list witnesses or exhibits which

have not previously been disclosed, Defendant may file an appropriate motion. This renders moot Defendant's Motion to Preclude Plaintiffs' Witnesses and Exhibits.

Plaintiffs have recently filed a Motion to Supplement their Response to the Motion to Strike. The Court will grant the request to supplement. However, that decision does not impact Defendant's Motion to Strike Plaintiffs' Expert Report and to Preclude Expert Testimony of Paul Miller. Whether or not the report is adequate or whether Plaintiffs can offer some reasonable explanation for their failure to timely produce the report will be addressed following Plaintiffs' Response to Defendant's motion.

As set forth more fully herein, Defendant's Motion to Strike Expert Witnesses of Plaintiff [sic] (Dkt. No. 29) is GRANTED. Plaintiffs will be permitted to call Dr. Steves and Dr. Miller consistent with the Court's ruling herein. Plaintiffs' Motion to Extend Deadlines (Dkt. No. 32) is DENIED in part. Because Plaintiffs have failed to demonstrate any reasonable basis for failing to meet the previous deadline for providing expert reports, they will not be permitted to produce those reports. However, Plaintiffs may file their final witness and exhibit lists within five days of the date of this Order. This renders MOOT Defendant's Motion to Preclude Plaintiffs' Witnesses and Exhibits (Dkt. No. 39). Finally, Plaintiff's Motion for Leave of Court to File Supplemental Response (Dkt. No. 37) is GRANTED.

IT IS SO ORDERED this 25th day of August, 2010.

ROBIN J. CAUTHRON
United States District Judge